FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 20 PM 12: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

ST. PAUL COMPANY
OF ILLINOIS,

    Plaintiff,

vs.

CASE NO. CV-98-J-2363-S

LYNN MISHKEL, H. EDWARD
PERSONS, and CAMILLA LATADY,

    Defendants.

ENTERED
JAN 2 0 1999

## MEMORANDUM OPINION

Defendants Lynn Mishkel and H. Edward Person's motion to abstain or dismiss (doc. 5), and defendant Latady's motion to dismiss for lack of personal jurisdiction (doc. 5) was considered by the court at its January 13, 1999 motion docket. The court heard oral arguments at said docket.

### I. Procedural History

This is a declaratory judgment action filed on September 18, 1998, pursuant to 28 U.S.C. §2201 *et seq.*, by the insurer, St. Paul Company of Illinois ("St. Paul"), against its own insured (Mishkel and Persons) and the tortfeasor (Latady). The facts underlying the basis of this suit arise out of an automobile accident in which defendant Latady struck the rear of the vehicle which defendant Persons was driving and in which defendant Mishkel was a passenger. Complaint at ¶ 9.

14

Defendant Latady is insured by State Farm Insurance Company ("State Farm"). St. Paul filed this action for the court to state the rights of the parties in the event that the defendant Mishkel files a claim with the plaintiff under the underinsured motorist coverage portion of defendant Mishkel's policy. Plaintiff alleges that it was informed of defendants' intention to file such a claim. *Id* at ¶ 11.

The defendants Mishkel and Persons filed a motion to abstain or dismiss (doc. 5) alleging that a separate, prior action had been filed in the Circuit Court of Jefferson county on September 21, 1998. Exhibit A to defendants motion.[1] These defendants allege that the claims set forth here are derivative of and a part of this underlying automobile action case against St. Paul.[2] The state court action includes State Farm as a defendant. While plaintiff here filed a prior action in federal court which included State Farm as a party, that case was dismissed due to the lack of diversity between St. Paul and State Farm.

Plaintiff argues that these defendants' failure to cooperate after giving plaintiff notice of the underinsured motorist claim is the basis of this suit. The plaintiff states that it is seeking a determination of contractual coverage and/to rights under the terms of the insurance policy.

---

[1] That case is styled *Mishkel v. St. Paul Fire & Marine Insurance Company and Camilla H. Latady*, CV 98-5692.

[2] While plaintiff St. Paul argues that it is not forum shopping and that it filed this federal suit prior to the state court action, the court does not accept plaintiff's interpretation of the facts. Clearly, this plaintiff filed an action, in federal court, on September 17, 1998 (CV-98-S-2354). The plaintiff filed a notice of dismissal of that case on September 18, 1998. Although summons were issued in that case, not return on service was ever entered.

The parties biggest dispute appears to this court to be over questions of timely notice by defendant Mishkel to plaintiff St. Paul of her intention to file a claim for underinsured motorist benefits. While this may be a question of contract interpretation appropriate for a declaratory judgment, it is also a defense to Mishkel's claim against St. Paul in the state court action and clearly redundant of that action.[3] Also troubling this court is that if plaintiff seeks a declaratory judgment regarding its rights under its contract with its own insured, then defendant Latady's inclusion in this action is wholly improper.[4]

## II. Motion to Dismiss or Abstain of Mishkel and Persons

The general rule of law is that the court has an obligation to proceed with the cases that come before it. "The doctrine of abstention from the exercise of federal jurisdiction is the exception, not the rule .... The doctrine, under which a District Court may decline to exercise jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it. Abdication of [this] obligation ... can be justified ... only in exceptional circumstances where the order to the parties to repair to state court would serve an important countervailing interest." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976); citing *County of*

---

[3]Indeed, no great stretch of the imagination is needed to find the potential for the state court to render judgment holding one way on this issue and this court to reach the exact opposite conclusion. This court is mindful that no questions of federal law are present in this action, and that this case is in front of this court solely on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[4]Defendant Latady filed a motion to dismiss on these very grounds, which shall be discussed later in this opinion.

*Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-189, 79 S.Ct. 1060, 1063 (1959). Not withstanding the foregoing, the Eleventh Circuit has stated that this court must consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which jurisdiction was obtained by the concurrent forums; whether one of the courts has assumed jurisdiction over any property in issue; whether state or federal law will be applied; and the adequacy of each forum to protect the parties rights. *Lops v. Lops*, 140 F.3d 927, 943 (11thCir. 1998); citing *Moses H. Cone Memorial Hosp. V. mercury Constr. Co.,* 460 U.S. 1, 15-16, 23-27, 103 S.Ct. 927, 936-37, 941-43.

Applying these factors to the case at hand, this court first notes that the federal forum is no more or less convenient to the parties based on its location and proximity to the Jefferson County Courthouse. As to the desirability of avoiding piecemeal litigation, the state forum is the more appropriate location as this court cannot both have jurisdiction over State Farm, a resident of the same state as plaintiff St. Paul, and retain jurisdiction of this case. Due to the plaintiff's actions, State Farm may be necessary to the resolution of the issues in this case.[5]

---

[5] According to the attorneys arguments at this court's motion hearing, State Farm has offered to pay the defendant Mishkel $25,000.00, the policy limits of defendant Latady. However, St. Paul has refused to allow defendant Mishkel to accept this money from State Farm because St. Paul does not want State Farm released from liability on any possible subrogation claim it may have. Therefore, defendants' claim that State Farm is a necessary party is not farfetched.

4

The third factor is the order in which jurisdiction was obtained by the forums. Because these dates are approximately three days apart this court cannot find any logic in attributing great weight to this factor, although it weighs in favor of the federal forum. As to the fourth factor, it also is of no help to the court as neither forum has obtained jurisdiction over any property. The fifth factor, however, is instructional. Clearly, whether the underlying automobile accident or contract interpretation is at issue, these are matters of state law. Lastly, the court finds that the state forum is more adequate to protect the parties respective rights as that forum can have jurisdiction over all necessary parties to this litigation. Precedent in this district exists for the statement that "since its inception, the Declaratory Judgment Act (28 U.S.C. § 2201) has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *Mutual Life Ins. Co. of NY v. Adams,* 972 F.Supp. 1386, 1389 (N.D.Ala.1997); citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 2142 (1995). The question for a district court presented with a declaratory judgment action is "whether the questions in controversy between the parties to the federal suit and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding pending in state court." *Mutual Life,* 972 F.Supp. at 1389, citing *Wilton,* 515 U.S. at 281-282.

In sum, this court finds that this action more properly belongs in state court where these parties are also actively suing each other. It is therefore the **ORDER** of this court that the defendants Persons' and Mishkel's motion to abstain or dismiss is hereby **GRANTED**

and this case is dismissed without prejudice for refiling after the conclusion of the state court case, if necessary.

### III. Motion to Dismiss of Latady

This court finds that any claim plaintiff states against defendant Latady is wholly unripe. Because the plaintiff has yet to pay the first cent of underinsured motorist coverage to its insured, any claim it may have for subrogation against defendant Latady has not yet arisen.

> Equity requires that the insured should at least recover his or her loss before the insurer is subrogated .... Subrogation is to be allowed only when the insured is compensated in full by recovery from the tort-feasor.... We are of the opinion ... [that] the insurer is not entitled to subrogation unless and until the insured has been made whole for his loss. We so hold. (Citations omitted).

*Powell v. Blue Cross and Blue Shield of Alabama,* 581 So.2d 772, 777 (Ala. 1990). As the underlying automobile accident damages have not yet been litigated or settled, and no party alleges that the insured (defendant Mishkel) has been made whole for her injuries, this court holds that defendant Latady's motion to dismiss is **GRANTED** as no claim against her has yet arisen.

**DONE** and **ORDERED** this the ___20___ day of January, 1999.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE